IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **EDMOND MEYOU,** | |
| **Plaintiff,** | |
| v. | Case No: 1:21-cv-2806 (JDB) |
| **UNITED STATES DEPARTMENT OF STATE,** *et. al.*, | |
| **Defendants.** | |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Plaintiff Edmond Meyou, by and through undersigned counsel, hereby files this Opposition to Defendants' Motion to Dismiss and for Summary Judgement. In support of this Opposition, Plaintiff respectfully refers the Court to the following Memorandum of Points and Authorities.

Respectfully submitted,

**/s/ James O. Hacking, III**
James O. Hacking, III
MO Bar # 46728
Hacking Immigration Law, LLC
10900 Manchester Road, Suite 203
St. Louis, MO 63122
(O) 314.961.8200
(F) 314.961.8201
(E) jim@hackingimmigrationlaw.com

**ATTORNEYS FOR PLAINTIFF**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **EDMOND MEYOU,** | |
| **Plaintiff** | |
| v. | Case No: 1:21-cv-2806 (JDB) |
| **UNITED STATES DEPARTMENT OF STATE,** *et. al.*, | |
| **Defendants** | |

### PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Plaintiff Edmond Meyou has been trying to bring his wife to the United States for over **three years**. This is a case about delay and family separation. Rather than engage with Plaintiff's claims on the merits, the Defendants now bring a Motion to Dismiss, attempting to further shield their actions from the limited judicial oversight that is permitted even in the context of consular processing, i.e., when the process violates both the Administrative Procedures Act (APA) and the United States Constitution, as it did here.

Plaintiff filed the Complaint with this Court on October 22, 2021. ECF No. 1 ("Compl."). Defendants filed a Motion to Dismiss with this Court on January 3, 2022. ECF No. 6. Defendants argue that Plaintiff's claims are moot because a decision has purportedly been made in Ms. Mahugnon Arianne Claurinda Eklou's (the beneficiary) case and this Court cannot review that decision. But that is wrong. Defendants incorrectly argue that Mr. Meyou only claims denial of his due process right to fundamental fairness in administrative adjudication, a Fifth Amendment right long recognized and protected by federal courts.

1

Defendants' Motion to Dismiss should be denied. Federal law empowers this Court to review Plaintiff's claims; Plaintiff has stated a cognizable constitutional claim; and Plaintiff's claims are not moot.

## I.  BACKGROUND

Plaintiff Edmond Meyou is a U.S. Citizen. Complaint (Compl.) ¶ 1.  Plaintiff's spouse, Mahugnon Arianne Claurinda Eklou, is a citizen of Benin and is currently residing in Benin. *Id*. ¶ 2.  Edmond Meyou is the spouse visa petitioner for Mahugnon Arianne Claurinda Eklou's immigrant visa application. *Id*. ¶ 12.  Under federal immigration law, United States Citizenship and Immigration Services (USCIS) is authorized to approve a spouse visa application filed by a U.S. citizen and to issue an immigrant visa to allow the spouse to enter the U.S. and obtain lawful permanent resident status. Compl. ¶ 13.

Edmond Meyou filed a visa petition for Mahugnon Arianne Claurinda Eklou with the USCIS on **December 12, 2018**. *Id.* ¶ 17. The receipt number is SRC1990125511. *Id.* Plaintiff paid, and Defendants accepted, all applicable filing and visa fees. *Id*. ¶ 18. USCIS purportedly approved Plaintiff's I-130 spouse visa petition on August 7, 2019. *Id.* ¶ 19. The case should have then been sent to the National Visa Center (NVC), a part of the U.S. Department of State for visa processing. Compl. ¶ 18. The NVC assigned Case Number COT2019752001 to this case. *Id.* Upon information and belief, the NVC completed its processing of the case and sent it to the U.S. Consulate in Cotonou, Benin, for an interview. *Id*.

The State Department conducted Mahugnon Arianne Claurinda Eklou's visa interview on December 11, 2019, **over two years ago**. Compl. ¶ 21. Since that time, the agency has refused to issue a decision on this case. *Id*.

2

Mr. Meyou has made repeated attempts to obtain a decision in this matter without involving this honorable Court. *Id*. at 19.  Plaintiff has contacted the consulate multiple times, to no avail. *Id*.

Defendants filed a Motion to Dismiss with this Court on January 3, 2022. Defendants argue that Plaintiff's claims are moot because a decision has purportedly been made in Ms. Mahugnon Arianne Claurinda Eklou's (the beneficiary) case and this Court cannot review that decision.

## II.    STANDARD OF REVIEW

Defendants argue that this Court lacks subject matter jurisdiction over Plaintiff's claims and seek dismissal pursuant to Fed. R. Civ. P. 12(b)(1).  Defendants also allege that Plaintiff's complaint fails to state a claim upon which relief may be granted and seek dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

### A. Fed. R. Civ. P. 12(b)(1)

Subject matter jurisdiction must be affirmatively shown in the record before considering the merits of any case. The party asserting federal subject matter jurisdiction bears the burden of proving its existence. *See, e.g.*, *Steele v. United States*, 159 F. Supp. 3d 73, 86 (D.D.C. 2016). In civil actions, the Rules require a party to file a "short and plain statement of the grounds for the court's jurisdiction…" Fed. R. Civ. P. 8(a)(1). If the complaint fails to conform to Rule 8(a)(1), the defendant can move to dismiss the complaint under Rule 12(b)(1).

Under Rule 12(b)(1), the defendant can bring either a facial or factual challenge to the court's subject matter jurisdiction. *See, e.g.*, *Heard v. U. S. Department of State*, Civil Action No: 08-02123 (RBW), at *4 (D.D.C. Sep. 17, 2010). On a facial attack, the court looks to the complaint itself to determine whether the plaintiff has sufficiently alleged subject matter jurisdiction, taking the allegations in the light most favorable to the non-moving party. *Erby v. United States*, 424 F.

Supp. 2d 180, 182 (D.D.C. 2006). Further, the court restricts itself to the face of the pleadings and non-moving party receives the same protections as it would defending a motion brought under Rule 12(b)(6). *See, e.g.*, *Osborn v. U.S.*, 918 F.2d 724, 729 n. 6 (8th Cir. 1990). The general rule is that a complaint should not be dismissed on a facial attack "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id*.

In a factual challenge, however, the court "may consider materials outside of the pleadings to determine whether it has subject matter jurisdiction" over the claims. *Kursar v. Transp. Sec. Admin.*, 581 F. Supp. 2d 7, 14 (D.D.C. 2008) (internal citations omitted). The court is not required to assume a plaintiff's allegations are true and is free to weigh the evidence and evaluate the merits of the jurisdictional claims. *Osborn*, 918 F.2d at 730. "If the defendant thinks the Court lacks jurisdiction, the proper course is to request an evidentiary hearing on the issue." *Id*. The district court is to hold a hearing at which witnesses testify. *Id*. Once the evidence is submitted, the district court must decide the jurisdictional issue, not simply rule that there is or is not enough evidence to have a trial on the issue. *Id*. This memorandum shall constitute Plaintiff's formal request for an evidentiary hearing, to the extent the Court is inclined to inquire into the issues raised by Defendants.

As a preliminary matter, the question must be raised as to whether Defendants have in fact raised a *jurisdictional* challenge. The Supreme Court has distinguished between jurisdiction – which is the court's power to hear the case – and the sufficiency of a valid cause of action. *See, e.g..*, *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1988); *see also Ahmed v. DHS*, 328 F.3d 383, 386-87 (7th Cir. 2003) (distinguishing between the court's power to adjudicate the case, which is jurisdictional, and the court's power to grant relief, which is not jurisdictional). The failure to state a valid cause of action calls for a judgment on the merits and not for dismissal

4

for want of jurisdiction. *Bell v. Hood*, 327 U.S. 678, 682 (1946). The Supreme Court has made clear that:

> [J]urisdiction…is not defeated…by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover." Rather, the district court has jurisdiction if "the right of the petitioners to recover under their complaint will be sustained if the [ ] laws of the United States are given one construction and will be defeated if they are given another…

*Steel Co. v. Citizens for a Better Environment*, 523 U.S. at 89 (quoting *Bell,* 327 U.S. at 682, 685).

Applying the principles discussed above, appellate courts have explained that in resolving whether mandamus jurisdiction is present in the immigration context, the allegations of the complaint are taken as true (unless patently frivolous) to avoid "tackling the merits under the ruse of assessing jurisdiction," *Ahmed*, 328 F.3d at 386-387. The court also held in *Ahmed* that the question of whether a statute imposed a "duty" on the government for purposes of mandamus relief was not a jurisdictional question. *Id.*

**B. Fed. R. Civ. P. 12(b)(6)**

Under Rule 12(b)(6), the proper inquiry is whether the facts alleged, if true, entitle Plaintiff to some legal remedy. To survive a motion to dismiss for failure to state a claim, Plaintiff need only plead a cognizable legal theory, with facts sufficient to "raise a right to relief above a speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Allegations in the complaint are assumed to be true, and a "well-pleaded complaint may proceed even if it appears that 'a recovery is very remote and unlikely.'" *Id.* (*quoting Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). If Plaintiff makes such a showing, dismissal is unwarranted.

In *Twombly*, the Supreme Court set forth "the unobjectionable proposition that, when a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the

5

satisfaction of the factfinder." *Id*. at n. 8. Motions to dismiss for failure to state a claim under 12(b)(6) are "viewed with marked disfavor and are rarely granted." *St. Marie and Son, Inc. v. Hartz Mountain Corp*., 414 F. Supp. 71, 74 (D. Minn. 1976) (*citing Barnes v. Dorsey*, 480 F.2d 1057 (8th Cir. 1973)); *see* 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (1990). Under this broad standard, Plaintiff's complaint more than meets the requirements of a "short and plain statement of the claim showing that the pleader is entitled to relief." *Swierkiewicz v. Sorema* N.A., 534 U.S. 506, 512 (2002) (*quoting* Fed. R. Civ. P. 8(a)(2)).

### C.  Standard for a Writ of Mandamus

Under 28 U. S. C. § 1361, federal courts have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The All Writs Act further provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U. S. C. § 1651(a).

### D.  Administrative Procedure Act

Under the APA, courts are authorized to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1); *see also* 5 U.S.C. § 555(b) ("within a reasonable time, each agency shall proceed to conclude a matter presented to it"). The APA states that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). An APA claim pursuant to 8 U.S.C. § 706(1) exists when a "plaintiff asserts that an agency failed to take a discrete agency action that is required to take." *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004).

### III. <u>ARGUMENT</u>

Defendants' Motion is fundamentally flawed. First, Plaintiff's claims are not moot, as Plaintiff seeks redress for an actual injury and because the remedy he seeks goes beyond mandamus relief. In addition, Defendants do not apply the proper standard under Rule 12(b)(6): Defendants argue that Mr. Meyou cannot ***prove*** that Defendants have unreasonably delayed the processing of his spouse's visa application, but the only relevant question at this stage in the litigation is only whether Mr. Meyou has stated a proper claim under *Twombly* to seek mandamus relief. Mr. Meyou's Complaint is more than adequate under that standard.

### A. Plaintiff's Claims Are Not Moot.

#### 1. **Plaintiff's claims go beyond seeking mandamus relief and present circumstances capable of repetition.**

Courts are generally reluctant to find mootness. *Chafin v. Chafin*, 568 U.S. 165, 166 (2012) (a "case becomes moot only when it has become impossible for a court to grant any effectual relief whatever to the prevailing party" and as "long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot"). In this case, a decision by this Court can plainly impact the parties' rights. In *Chafin,* the Supreme Court addressed mootness, claiming that a case is not moot so long as the plaintiff continues to have an injury for which the court can award relief. *Chafin*, 568 U.S. at 166. The case at hand not only requests that Mr. Meyou be granted mandamus relief and granting damages pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, among others. Compl. at Request for Relief ¶¶ 2, 4, 9. According to *Board of Pardons v. Allen*, damage claims cannot become moot because they seek compensation for past harms. *Board of Pardons v. Allen*, 482 U.S. 369, 370 n.1 (1987). This case involves a live claim for damages, which, in and of itself, should prevent dismissal for mootness. *See, e.g.*, *Bernhardt v. County of Los Angeles,* 279 F.3d 862, 872 (9th Cir. 2002); Compl. at Request for Relief ¶ 9.

There are also exceptions to mootness, which apply in the case at hand. In *United States v. W.T. Grant Company*, the Supreme Court held that voluntary cessation of illegal conduct would moot a case only if the defendant established that "there is no reasonable expectation that the wrong will be repeated." *United States v. W.T. Grant Company*, 345 U.S. 629, 633 (1953); *see also Adarand Constructors v. Slater*, 528 U.S. 216, 222 (2000) (stating the burden of showing non-recurrence lies with the party asserting mootness). Mootness, then, requires a fact-based prediction of the probability of recurrent behavior, an analysis of the plaintiff's continued need for relief, the defendants' representations of future intent, and the public interest in resolution of the dispute. *Camreta v. Greene*, 563 U.S. 692, 711 (2011).

**2.  Plaintiff's claims are not moot because Plaintiff's application was never properly adjudicated.**

In addition to Plaintiff's claims beyond simple mandamus and the fact that the egregious events in this case are capable of repetition, Plaintiff's claims are also not moot because Ms. Eklou's visa application was never properly adjudicated. Plaintiff and his spouse continue to wait for final adjudication.

**B. Plaintiff's Claims Are Unaffected by the Doctrine of Consular Nonreviewability, and Defendants Misrepresent the Spirit of the Doctrine.**

U.S. District Courts have jurisdiction to compel agencies such as the Defendants here to render a final decision on a matter before the agency within a reasonable amount of time. Two federal court cases have already considered arguments similar to those raised by the Defendants in the case at bar, and have rejected them.

In *Patel v. Reno*, the court found that a district court has jurisdiction to issue mandamus orders against a consular office where the consular office has delayed in making a decision. 134 F.3d 929 (9th Cir. 1997). The court in that case noted "[a] consular office is required by law to act

8

on visa applications. Under 22 C.F.R. § 42.82, '[w]hen a visa application has been properly completed and executed before a consular officer in accordance with the provision of the INA and the implementing regulations, the consular officer shall either issue or refuse the visa. Everyrefusal shall be in conformance with the provisions of 22 C.F.R. 40.6.' In addition, the [regulation itself] is entitled, 'Issuance or refusal mandatory.'" *Id*. at 932. Responding directly to the issue of consular nonreviewability, the court stated "when the suit challenges the authority of the consul to take or fail to take an action as opposed to a decision taken within the consul's discretion, jurisdiction exists." *Id*. 931-32. This delay in making a final determination of Plaintiff's visa application is the basis for Plaintiff's complaint before this Court.

In *American Academy of Religion v. Chertoff*, the court held that mandamus was available to compel a decision on a non-immigrant visitor's visa under the APA, 5 U.S.C. and 22 C.F.R.Secs. 41.106, 41.121, requiring prompt adjudication of visas. 463 F.Supp.2d 400, 420-22m(S.D.N.Y. 2006). The court in *American Academy* found that a 9-month delay in rendering a final decision on a nonimmigrant visitor visa was an unreasonable delay that warranted mandamus. *American Academy*, as in the instant case, involved the extended failure to adjudicate a visa application of a Muslim man pending security checks. *Id*.

The Defendants' delay in properly adjudicating Plaintiff's request for a spouse visa carries far more serious consequences than the delay in issuing a visitor visa. Plaintiff and his spouse are not merely burdened by the inability to attend conferences, as in *American Academy*, but are burdened by Ms. Eklou being trapped in Benin, without reason or explanation.

Defendants argue that Plaintiff should be barred from pursuing his claims under the Doctrine of Consular Nonreviewability. However, this argument is based on Defendants' mistaken assertion that Plaintiff is asking this Court to *review* a final decision on Plaintiff's visa applications.

9

Since a final decision has not been reached, this is certainly not the case. The Defendants' delay in properly adjudicating Plaintiff's visa application serves as the basis of this lawsuit. Thus, this Court's jurisdiction is based on its power to compel a recalcitrant agency to make a decision as opposed to federal court's jurisdiction to review erroneous agency decisions under the APA. Defendants characterize the consular officer's (alleged) refusal to process Plaintiff's immigration applications as a final decision, yet a refusal is not a final decision, as the proper adjudication procedure never occurred.

### C. Mr. Meyou Has Alleged Unreasonable Delay Under Federal Law.

Federal courts have consistently recognized that a so-called 'refusal' letter for administrative processing 'is not a final adjudication but a mandatory intermediate step. *Ibrahim v. U.S. Dep't of State*, No. CV 19-610 (BAH), 2020 WL 1703892, at *5 (D.D.C. Apr. 8, 2020). Administrative processing is not an opportunity for reconsideration of a decision but is a pre-requisite to reaching the decision itself - a crucial distinction. *Nine Iraqi Allies Under Serious Threat Because of Their Faithful Serv. to the United States v. Kerry*, 168 F. Supp. 3d 268, 284 (D.D.C. 2016); *Mohamed v. Pompeo*, No. 119CV01345LJOSKO, 2019 WL 4734927, at *4 (E.D. Cal. Sept. 27, 2019) ('The Government argues that the form letter constitutes a final decision and denial, which moots Plaintiffs' claims. This Court does not agree and instead finds persuasive the reasoning of other Courts that have found the 'administrative processing' designation insufficient to constitute a refusal").

Here, Defendants complain that Mr. Meyou has not shown that mandamus relief is warranted based on Defendants' delay under the six-part test set out in *Telecomms. Research & Action Ctr. v. FCC*, 750 F.2d 70, 79 (D.C. Cir. 1984) ("*TRAC*")). Those considerations are: (1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress

10

has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for the rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is "unreasonably delayed." *E.g.*, *Am. Hosp. Ass'n v. Burwell*, 812 F.3d 183, 189 (D.C. Cir. 2016) (citing *TRAC*, 750 F.2d at 80).

1. *TRAC Factors 1 & 2*

Mr. Meyou has pleaded both that the time Defendants have taken to adjudicate his spouse's application is not governed by a rule of reason and that there is no Congressional guidance that supplies a rule of reason that would justify Defendants' delay in this case. *See* Compl. ¶¶ 25-37. Defendants contend that there are some cases in which courts have found that processing delays of over two years are not unreasonable, *see* Motion at 12-14, but there are many courts that *have* found delays of over one year—like the delay in this case—to be unreasonable. *See, e.g.*, *Ren v. Mueller*, No. 6:07-CV-790-Orl-19-DAB, 2008 WL 191010, at * 11 (M.D. Fla. Jan. 22, 2008) (alleged four-year delay adequately stated claim of unreasonable delay); *Gelfer v. Chertoff*, No. C06-06724 WHA, 2007 WL 902382, at *2 (N.D. Cal. March 22, 2007) (finding more than two-year delay unreasonable); *Mazouchi v. Still*, No. C-06-07915-RMW, 2007 WL 2070324, *4-5 (N.D. Cal. July 13, 2007) (four-year delay in completing background check and adjudicating adjustment of status application unreasonable); *Konchitsky v. Chertoff*, No. 5:07cv294-RMW, 2007 WL 2070325, * 6 (N.D. Cal., July 13, 2007) (explaining that in the absence of "a particularized explanation for the delay . . . more than two years delay of plaintiff's application

11

[is] unreasonable as a matter of law."); *Huang v. Chertoff*, No C07-0277 JF, 2007 WL 1831105, * 2 (N.D. Cal. June 25, 2007) (despite national security concerns and increased security checks after September 11, 2001, more than two-year delay was unreasonable as a matter of law if there was no particular explanation as to cause of the delay).

Moreover, at this stage in the proceedings, it is sufficient for Mr. Meyou to allege specific facts that indicate unreasonable delay; he need not prove unreasonable delay at the motion to dismiss phase. *See Twombly*, 550 U.S. at n. 8; *see also Ren*, 2008 WL 191010, at * 11. *TRAC* factors 1 and 2 weigh in favor of Mr. Meyou.

### 2. *TRAC Factor 4*

Defendants claim that *TRAC* factor 4—which considers the agencies' competing priorities—should weigh heavily in their favor. *See* Motion at 14-16. However, many courts have already considered and rejected Defendants' primary argument, which is that the global backlog of immigration cases is preventing Defendants from adjudicating Mr. Meyou's case. *See id*. at 15-16; *see, e.g.*, *Zhou v. FBI Director*, No. 07-cv-238-PB, 2008 WL 2413896, at *7 (D.N.H. June 12, 2008) (finding it inappropriate to shift the burden of lack of agency resources onto plaintiff who did not create the problem); *Aslam v. Mukasey*, 531 F. Supp. 2d 736, 744 (E.D. Va. 2008) (finding that agency lack of resources was not relevant because "[b]ureaucratic inadequacy is not a justification, especially because the costs of noncompliance are imposed on the applicant"); *Alkeylani v. DHS*, 514 F. Supp. 2d 258, 266 (D. Conn. 2007) ("While [lack of resources] may be a legitimate policy crisis, the Court will not excuse Defendants from their statutory duty and let the cost fall on immigrant plaintiffs"); *Tang v. Chertoff*, 493 F. Supp. 2d 148, 158 (D. Mass. 2007) (finding that lack of agency resources is a "policy crisis," and not excusing agency from its statutory duty to adjudicate applications, which would place the cost on the plaintiffs). The balance

of precedent from federal courts indicates that Defendants should not be permitted to penalize Ms. Eklou for the delays facing Defendants generally.

### 3. *TRAC Factors 3, 5, & 6*

Defendants state that TRAC factors 3 and 5 should fall on their side, arguing that Mr. Meyou's claims of hardship do not stand up to Defendants' concerns about intra-agency priority. *See* Motion at 16-18. However, as explained above, courts give little credit to the notion that generic global delays should be permitted to indefinitely adversely impact individual applicants. In addition, because this case is at the 12(b)(6) stage, Mr. Meyou need not do more than plainly state his allegations. He need not prove at this phase that Defendants' delay is unreasonable. *See, e.g.*, *See Twombly*, 550 U.S. at n. 8; *see also Ren*, 2008 WL 191010, at * 11. Mr. Meyou has adequately alleged that Defendants' delay was unreasonable, and that the length of the delay has harmed his and his family. Compl. ¶ 43.

Mr. Meyou does not allege that Defendants' delay was caused by bad faith *per se*, and so there is no need for the Court to consider *TRAC* factor 6. Defendants claim, without authority, that the absence of an allegation of bad faith should encourage the Court to "conclude that [factor 6] weighs in Defendants' favor," but there is no basis for that assertion. *See* Motion at 18.

### D. Plaintiff has Sufficiently Alleged Due Process Violations by Stating a Cognizable Constitutional Claim.

Even if this Court finds that Plaintiff's visa application had been subject to a final adjudication, this Court still retains general federal question jurisdiction arising from Plaintiff's constitutional claim. In failing to provide a reasonable and just framework of adjudication in accordance with applicable law, Defendants have violated Plaintiff's due process rights. The court in *Ching v. Mayorkas* found that the "grant of an I-129 petition for immediate relative status is a nondiscretionary decision," 725 F.3d 1149, 1156 (9th Cir. 2013). Mr. Meyou is entitled to the same

status here, which is "a right to which citizen applicants are entitled as long as petitioner and [immediate relative] meet the statutory and regulatory requirements for eligibility. The **protected interest** is entitled to the protections of due process." *Id*. at 1149 (emphasis added).

A U.S. citizen "has a protected liberty interest in his [immediate relative status] that gives rise to a right to constitutionally adequate procedures in the adjudication" of his visa application. *Bustamante v. Kukasey,* 531 F.3d 1059, 1062 (9th Cir. 2008). Even if a benefit, such as a visa, is ultimately discretionary, the applicant may have a non-discretionary right protected by due process to apply for the benefit. *INS v. St. Cyr*, 533 U.S. 289, 307-308 (2001). It follows that "an alien is not precluded from having a vested right in a form of relief merely because the relief itself is ultimately at the discretion of the Executive Branch." *Arevalo v. Ashcroft*, 344 F.3d 1, 14-15 (1st Cir. 2003).

The Court in *Obergefell v. Hodges* states that new fundamental rights ordinarily "must be defined in a most circumscribed manner, with central reference to specific historical practices." *Obergefell v. Hodges,* 576 U.S. 644, 671 (2015) (citing *Glucksberg,* 521 U.S. at 721). The only exception that the Court has recognized is for fundamental rights involving "marriage and intimacy." *Id.* The Court in *Khachatryan v. Blinken,* in the context of determining whether having an alien relative admitted to the United States is a constitutionally protected liberty interest, has emphasized that marital relationships are distinct from other types of familial relationships, such as the relationship between a parent and an adult child, like the one in *Khachatryan*. *Aleksan Khachatryan, et al v. Antony J. Blinken, et al*, No. 18-56359, (9th Cir. 2021). The marital relationship is "unlike any other in its importance to the committed individuals," and its unique legal status rests on "related rights of childrearing, procreation, and education." *Id* at 31 *(*Citing *Obergefell v. Hodges*, 576 U.S. 644, 971 (2015)). The *Khachatryan* court finds that the liberty

14

interest in question is tied specifically to the *marital* relationship and concludes that the relationship between an adult child and parent is not comparable to marriage, thus is not exempt from *Glucksberg's* general rule that fundamental liberty interests must be carefully and narrowly defined. *Id* at 35.

Plaintiff is not an alien, but a U.S. citizen, and has an interest and right in his application for his spouse's visa. Defendants have delayed the application with no explanation. This has violated the due process rights of Mr. Meyou and irrevocably harmed him by causing a loss of family unity. Mr. Meyou is suffering from stress and anxiety due to the lengthy, unnecessary delay. In this case, Plaintiff's right revolves around receiving a final answer, properly adjudicated, from Defendants without unnecessary delay. Furthermore, Mr. Meyou has, in fact, stated a cognizable constitutional due process claim over which this Court has jurisdiction.

## IV.  CONCLUSION

Defendants' brief fails to establish that they are entitled to dismissal. Mr. Meyou, a U.S. Citizen, has taken all necessary steps to apply for his law-abiding spouse to join him in the United States. Under the proper Rule 12(b)(6) standard, Mr. Meyou has sufficiently pled facts tending to show that Defendants' delay in adjudicating Ms. Eklou's application is unreasonable. Mr. Meyou respectfully asks the Court to deny Defendants' Motion and instead issue a scheduling order.

Respectfully submitted,

**/s/ James O. Hacking, III**
James O. Hacking, III
MO Bar # 46728
Hacking Immigration Law, LLC
10900 Manchester Road, Suite 203
St. Louis, MO 63122
(O) 314.961.8200
(F) 314.961.8201
(E) jim@Hackingimmigrationlaw.com

**ATTORNEYS FOR PLAINTIFF**

16

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 31, 2022, a copy of the foregoing was served upon the attorney for Defendants, Derek S. Hammond, by operation of the Court's CM ECF system.

*/s/ James O. Hacking, III*

.